UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KELLIS DJON JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | 2:04-cv-262-RLY-WGH |
| ) | |
| MARK BEZY, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

The petition of Kellis Djon Jackson for writ of habeas corpus is denied insofar as Jackson challenges either the location of his confinement or the conditions of his confinement, because neither of these matters, even if subject to judicial review under any scenario, can be challenged or subject to redress in an action for habeas corpus relief. *Glaus v. Anderson*, 2005 WL 1163673, *4 (7th Cir. May 17, 2005); *Richmond v. Scibana*, 387 F.3d 602 (7th Cir. 2004).

**II.**

Jackson's petition for writ of habeas corpus is denied insofar as federal authorities, including United States Parole Commission, has aggregated Jackson's sentences and have treated them as subject to the "federal/DC code" procedures. The reason for this ruling is that Jackson was sentenced in federal court for two federal violations and for one District of Columbia code violation,[1] and procedures adopted by the Parole Commission direct this treatment of mixed sentences such as Jackson received. This is the procedure outlined in 28 C.F.R. § 2.65 and was properly utilized here.

---

[1] On May 22, 1987, Jackson was convicted in the United States District Court for the Eastern District of Virginia of kidnapping and threatening the victim, each in violation of Title 18 of the United States Code, and was sentenced to a term of thirty-five years. On June 12, 1987, Jackson was convicted in the United States District Court for the District of Columbia after entering a guilty plea to the offense of kidnapping, Title 22 District of Columbia Code, § 2101. He was sentenced to a term of not less than fifteen years nor more than forty-five years.

The petition for writ of habeas corpus is also denied insofar as Jackson challenges the Parole Commission's decisions regarding Jackson's eligibility for parole and/or the schedules for his periodic review for that consideration, because the expanded record shows those decisions to be amply and rationally based on the record. *Pulver v. Brennan,* 912 F.2d 894, 896 (7th Cir. 1990)("[J]udicial review of Parole Commission action is limited to determining whether the Commission action was arbitrary or capricious.").

### III.

The petition for writ of habeas corpus is dismissed for lack of jurisdiction insofar as Jackson challenges his conviction for the DC code violation. The reason for this disposition is that this court merely sits in the district where Jackson is confined and would ordinarily not be a forum in which the validity of a conviction could be challenged. Although there is a savings clause in 28 U.S.C. § 2255 which permits such a challenge in limited circumstances, those circumstances are not present here. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002) (a remedy pursuant to § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence").

### IV.

Final judgment consistent with the rulings in Parts I, II and III of this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/20/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana